EDWARD MEYERS, Respondent, *v.* DAVID HIRSH, Trading as ELITE BRAID Co., Appellant.

Supreme Court, Appellate Term, First Department, June 9, 1925.

**Accord and satisfaction — check given and received after dispute constitutes accord and satisfaction.**

An accord and satisfaction is shown in an action to recover the purchase price of goods sold and delivered, where it appears that there was a dispute between the parties concerning questions of discount, defective goods and other matters, that the defendant gave plaintiff a check in full payment for all claims, and that the plaintiff accepted the check.

APPEAL by defendant from a judgment of the Municipal Court, Borough of Manhattan, Ninth District, in favor of plaintiff in the sum of $200.68, entered after a trial by a judge without a jury.

*Emanuel Greenberg,* for the appellant.

*Samuel Tullman,* for the respondent.

PER CURIAM:

Plaintiff sues for goods sold and delivered. The defenses are payment and accord and satisfaction. The parties hereto had numerous transactions involving the sale of braids and defendant was entitled to certain credits and claimed a discount upon certain terms. The dispute actually centered at the trial upon three items: *First,* the question of the discount; *secondly,* the item of $102 for goods claimed to have been defective and returned to the plaintiff, and *thirdly,* another item for $75.75 which defendant claims was not due when the action was begun.

Defendant's checks contained a statement of the amounts which they were intended to pay and showed the credits and discounts which defendant claimed. These checks contained the statement that they were " in payment of the items as per statement following. Endorsement of payee will constitute a receipt in full." These checks, given in accordance with defendant's theory of the transactions, were offered in evidence and totalled an amount sufficient to establish the defense of payment. In addition to that fact defendant's Exhibit F was a check given on the 20th of January, 1925, and was the last payment made. At the time that this

check was given there was a dispute between the parties as to the one hundred and two dollars credit and the seventy-five dollars transaction and also the question of discounts. The fact of this dispute appears without contradiction from the plaintiff's own testimony. After considerable discussion, in which defendant claimed an allowance of fifty dollars, and after plaintiff had refused to make any allowance, defendant tendered a check of one hundred and forty-one dollars and fifty-two cents which contained the same notations as the other checks, including a discount of fourteen dollars and forty-eight cents and a credit of twenty-five dollars. The acceptance of this check under the circumstances constituted an accord and satisfaction. Moreover, it also serves as documentary confirmation of defendant's claim of payment and indicates that defendant's story relative to the various credits and discounts was correct.

Judgment reversed and a new trial ordered, with thirty dollars costs to the appellant to abide the event.

All concur; present, BIJUR, McGOLDRICK and LEVY, JJ.